# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALTER DIBEASE and<br>MONICA DIBEASE, h/w<br>166 Prospect Street<br>Merchantville, NJ  08109<br><br>               Plaintiffs,<br><br>       V.<br><br>UNITED STATES OF AMERICA<br>c/o United States Attorney<br>District of New Jersey<br>401 Market Street<br>4th Floor<br>Camden, NJ  08101<br><br>             Defendant. | No.: |

## CIVIL ACTION COMPLAINT

Plaintiffs Walter DiBease and Monica DiBease, by and through her undersigned counsel, hereby files this *Civil Action Complaint*, and avers as follows in support thereof:

### I.    *Parties, Jurisdiction, Venue, and Conditions Precedent*

1.    Plaintiff Walter DiBease is an adult individual and is a citizen and resident of Camden County, New Jersey, residing therein at 166 Prospect Street, Merchantville, NJ  08109.

2.    Plaintiff Monica DiBease is an adult individual and is a citizen and resident of Camden County, New Jersey, residing therein at 166 Prospect

Street, Merchantville, NJ 08109.  At all times material and relevant hereto Monica DiBease was the spouse of plaintiff Walter DiBease.

3.     Defendant, United States Government, is the proper defendant under 28 U.S.C. §2679(d)(1) and (2) as the claims set forth herein which are being made pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §2671, *et seq.*, and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New Jersey.

4.     This Honorable Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1346(b)(1).

5.     Venue in the District of New Jersey is proper pursuant to 28 U.S.C. §1402(b) as the Plaintiff resides in the District of New Jersey and the negligent acts and/or omissions complained of herein occurred within the District of New Jersey.

6.     Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act by:

      a.     presenting notice of the Plaintiff's claim to the appropriate Federal agency, the United States Postal Service, in writing, on or about May 14, 2021, with the applicable

time period permitted by 28 U.S.C. §2401(b); (*See*

**Exhibit "A"** attached hereto).

b.  receiving both a denial of Plaintiff's claim *via* letter dated

April 12, 2022, and waiting for a period in excess of six (6)

months, as required by 28 U.S.C. §2675(a) prior to

commencing this *Civil Action*.  (See **Exhibit "B"** attached

hereto).

## II.  *Agency and Vicarious Liability*

7.    At all times material and relevant hereto, defendant United

States of America acted through its agents, servants, employees, ostensible

agents and/or workmen, specifically including, but not limited to, the

Postmaster of the United States Post Office at 25 South Haddon Avenue,

Haddonfield, New Jersey, and/or other employees at that facility, for whom

it is vicariously liable pursuant to the doctrine of *respondeat superior*

liability.

8.    At all times material and relevant hereto, defendant United

States of America owned, operated, leased, managed, controlled, possessed,

and/or had dominion over the premises known as the United States Post

Office located 25 South Haddon Avenue, Haddonfield, New Jersey, and

hereafter referred to as "the premises."

### III.  *Facts and Background of Claim*

9.    The paragraphs and allegations stated above are incorporated herein by reference and made a part hereof as if set forth in full.

10.    At all times relevant hereto, defendant United States of America had entered into a contract or agreement with other parties, the specific terms of which are unknown to plaintiff, under which there was an obligation on the part of the aforesaid defendant, to repair, maintain, clean, inspect and otherwise be responsible for the aforesaid premises, including the sidewalks, steps, and pedestrian walkways of said defendant's premises, so that same would be safe for use by business invitees, including plaintiff Walter DiBease.

11.    On or about February 19, 2021, plaintiff, Walter DiBease, was a business invitee lawfully on defendant's premises, when, suddenly and without warning, he was caused to slip and fall due to a defective condition and/or conditions of the steps and/or sidewalk and/or pedestrian walkways of the aforesaid premises, which was snow and/or ice covered and/or otherwise slippery, causing plaintiff to suffer severe, permanent, and grievous injuries.

12.    At all times relevant hereto, defendant herein owed a duty to clean, maintain, inspect and otherwise be responsible for the aforesaid premises, to provide a safe and hazard free environment and otherwise be responsible for the aforesaid premises so that same would be safe for use by

patrons, business invitees and members of the general public, including plaintiff.

13.    Defendant knew and/or should have known of the said dangerous, insecure, and therefore defective condition(s) and the likelihood that same would cause injuries to patrons and business invitees lawfully on the aforesaid premises in the absence of adequate safety measures.

14.    On or about February 19, 2021, and for a long time prior thereto, defendant did allow the premises and its environs to be and remain in a dangerous, insecure and therefore defective condition which thereby created an unreasonable hazard to persons lawfully on defendant's premises.

15.    At all times material hereto, the area which plaintiff was walking on defendant's premises was under the exclusive possession, dominion, and/or control of defendant herein.

16.    The circumstances under which plaintiff was injured were such that said injuries to plaintiff could not have occurred on said premises except by defendant's negligence.

17.    The aforesaid accident resulted solely from the negligence and carelessness of defendant herein and in no manner whatsoever to any act or failure to act on the part of plaintiff.

## COUNT I (NEGLIGENCE)
## WALTER DIBEASE V. UNITED STATES OF AMERICA

18.    The paragraphs and allegations stated above are incorporated

herein by reference and made a part hereof as if set forth in full.

19.    The negligence and carelessness of defendant United States of

America, consisted of the following:

  a.    failing to inspect, correct or have corrected, repair or

         protect the premises from defective and/or hazardous

         conditions existing in the sidewalk area used for patrons,

         business invitees and/or the general public on defendant's

         premises, specifically including the steps;

  b.    allowing defective conditions to exist which defendant

         knew or should have known created a danger/hazard to

         patrons, business invitees and/or the general public,

         specifically including permitting slippery and/or icy

         conditions to exist on pedestrian walkways/steps;

  c.    allowing latent and hidden dangerous conditions to exist

         on defendant's premises, specifically including slippery

         and/or icy conditions on pedestrian walkways/steps;

  d.    failure to properly and adequately maintain the premises,

         in particular, the pedestrian walkways and/or steps;

  e.    failure to warn patrons, business invitees and/or the

         general public of the dangerous, hazardous, and unsafe

conditions on the premises, to wit slippery and/or icy
conditions;

f.      failure to take reasonable precautions against the aforesaid
dangerous, hazardous and unsafe conditions of the
premises;

g.      failure to provide barricades in the area of the defective or
dangerous conditions to prohibit patrons, business invitees
and/or the general public from traversing in the aforesaid
area of defendant's premises and/or to reduce the chance
of injuries to such persons resulting from the aforesaid
defective or dangerous conditions of the premises, or
in the alternative, improperly placing said barricades;

h.      failure to properly and adequately hire and/or instruct the
agents, servants, workmen, employees and/or
representatives, of defendant herein, as to safe and proper
procedures for inspecting, maintaining, cleaning, and/or
correcting slippery and/or icy conditions of pedestrian
walkways and/or steps;

j.      failure to provide safe conditions for patrons, business
invitees and/or the general public on the premises;

k.      failure to act with due care and regard for the position and
safety of others, in particular, plaintiff;

7

l.     failure to provide and maintain proper supervision of the premises;

m.    failure to provide and maintain proper safety precautions at the premises;

n.     failure to furnish a reasonable number and distribution of safety personnel and safety equipment at the premises;

o.     failure to respond in a timely manner to  insecure or dangerous conditions or situations at the premises;

p.     negligence *per se* in violation of the Haddonfield and/or Camden County Property Maintenance Code

p.     being otherwise negligent; and

q.     such other negligent acts and/or failures to act as may be discovered during the course of discovery in this action.

20.    As the direct and proximate result of this accident, plaintiff, Walter DiBease, suffered serious and severe injuries which are or may be serious and permanent, including, *inter alia*, the following:

a. Acute head injury;

b. Cervical radiculopathy;

c. Exacerbation of cervical radiculopathy;

d. Neck injury;

e. Right shoulder injury;

f. Right hand injury;

8

g.  Syncope;

h.  Vertigo;

i.  Numbness;

j.  Right leg paresthesias;

k.  Ankle weakness;

l.  Cervical disc injury;

m. Exacerbation of cervical disc injury;

n.  The need for cervical spine surgery;

o.  Cervical myelopathy;

p.  Cervical radiculitis;

q.  Exacerbation of cervical radiculitis;

r.  The need for cervical epidural steroid injections;

s.  Back pain;

t.  Neck pain;

u.  Cervical stenosis;

v.  Exacerbation of cervical stenosis;

w. Difficulty walking/gait dysfunction;

x.  Brachial neuritis;

y.  Surgery that required the stopping of prophylactic anti-

    coagulation leading to deep vein thrombi;

z.  The need for hospitalization;

aa.      Surgical scarring;

bb.      Injuries to his nerves and nervous system;

cc.      Injuries to his musculoskeletal system;

dd.      The need for future medical care;

ee.      Great pain and suffering;

ff.      Loss of life's pleasures;

gg.      Post medical expenses, including by way of ERISA lien

hh.      Past and future wage loss;

ii.      All economic and non-economic damage recoverable under the law of the State of New Jersey.

**WHEREFORE**, Plaintiffs demand judgment against defendant United States of America.

### COUNT II (LOSS OF CONSORTIUM/*PER QUOD*)
### MONICA DIBEASE V. UNITED STATES OF AMERICA

21.    The foregoing paragraphs are incorporated by reference hereat as if set forth at length.

22.    As a direct and proximate result of the negligence of the Defendant and/or its agents and/or employees, plaintiff Monica DiBease, as the spouse of plaintiff Walter DiBease, has suffered, and will continue to suffer the loss of services, consortium, support, and companionship of her husband.

**WHEREFORE**, Plaintiffs demand judgment against defendant United States of America.


Respectfully submitted,

**LAW OFFICE OF
LEON AUSSPRUNG MD, LLC**


By:    /s/ James E. Hockenberry
       James E. Hockenberry, Esquire
       I.D. No.: 038942014
       1800 John F. Kennedy Boulevard
       Suite 1500
       Philadelphia, PA  19103
       267-809-8250 (p)
       888-800-5731 (f)
       Email: JH@aussprunglaw.com

# EXHIBIT "A"



**Law Office of**
**Leon Aussprung MD**, LLC

A Physician Attorney in Your Court
Legal Experience / Medical Expertise

**MAIN OFFICE**: 1429 Walnut Street ▪ Suite 300 ▪ Philadelphia, PA 19102
(267)809-8250 ▪ (855)770-0902 ▪ Fax (888)800-5731

NJ OFFICE: Society Hill Office Park ▪ 1874 Route 70 East ▪ Suite 4 ▪
Cherry Hill, NJ 08003
(856) 751-9702

\*\*Admitted in PA & NJ
\*Admitted in PA
+Admitted in NJ
^Of Counsel

**Leon Aussprung, M.D., J.D., LL.M.\*\***
**James E. Hockenberry, Esquire\*\***
**Irwin L. Lifrak, M.D., J.D.+**
**Yulier Gonzalez, Esquire\***
**Robert P. Weiner, Esquire^\*\***

May 14, 2021

Betty Harris
**United States Postal Service**
P.O. Box 9001
Bellmawr, NJ 08099-9331

      RE:    **Our Client:**      **Walter DiBease**
               **USPS Case #:**    **080-21-00504925A**
               **Date of Accident:**   **February 19, 2021**

Dear Ms. Harris:

      Enclosed please find the completed claim form SF 95 – Claim for Damage, Injury or Death.

      Can you please advise if there was a private contractor who was responsible to salt the premises?

      Thank you for your attention to this matter.

               Very truly yours,

               JAMES E. HOCKENBERRY

JEH/df
Enclosure

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Betty J. Harris, Tort Claims Coordinator<br>US Postal Service<br>PO Box 9001<br>Bellmawr, NJ 08099-9331     CLAIM # 080-21-00504925A | Walter DiBease - 166 Prospect Street, Merchantville, NJ 08109<br>James E. Hockenberry, Esquire - 1429 Walnut Street, Suite 300, Philadelphia, PA 19102 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>05/17/1973 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>02/19/2021          Friday | 7. TIME (A.M. OR P.M.)<br>8:05 a.m. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Plaintiff slipped and fell on the icy steps/walkway at the US Post Office located in Haddonfield, NJ.  Plaintiff's injuries include, but are not limited to, as treatment continues: neck; back; right shoulder; right arm; right & left hands.  Plaintiff reserves the right to supplement his injuries/claim based upon newly-discovered information as his treatment is ongoing and additional injuries/ losses may be diagnosed/incurred.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM.  IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Injuries include, but are not limited to, as treatment continues: neck; back; right shoulder; right arm; right & left hands.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Michael J. Breslin (Postmaster) | 25 S. Haddon Avenue, Haddonfield, NJ 08033 (856) 429-0246 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 750,000.00 | 0.00 | 750,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*Attorney for Claimant* | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>(215) 717-0744 | 14. DATE OF SIGNATURE<br>5/14/2021 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government.  (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br><br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☒ Yes ☐ No

Health Insurance - Anthem Blue Cross/Blue Shield

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# EXHIBIT "B"

LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES**
**POSTAL SERVICE**
VIA CERTIFIED MAIL 7020 3160 0000 4848 6021
RETURN RECEIPT REQUESTED

April 12, 2022

Mr. James E. Hockenberry
Law Office of Leon Aussprung MD, LLC
1429 Walnut Street, Suite 300
Philadelphia, PA 19102

Re:    Your Client:         Walter Dibease
       Date of Incident:    February 19, 2021
       NTC File No.:        NT202134801

Dear Mr. Hockenberry:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about February 19, 2021.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees. While we regret any injury that may have occurred, we cannot accept legal liability for these alleged damages. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

- 2 -

which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Ann Mandernach
Tort Claims Examiner/Adjudicator
Tel:  314/345-5847

cc:      Betty Harris - Tort Claim Coordinator
         File No. 080-21-00504925A