UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WALTER DIBEASE, *et al.*,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. 1:22-cv-05931

OPINION

**APPEARANCES**:

James Edward Hockenberry
LAW OFFICE OF LEON AUSSPRUNG, MD, LLC
1800 John F. Kennedy Boulevard
Suite 1500
Philadelphia, PA 19103

    *On behalf of Plaintiffs*.

Kevin James Maggio
Assistant United States Attorney
DEPARTMENT OF JUSTICE
401 Market Street
P.O. Box 2098
Camden, NJ 08101

    *On behalf of Defendant*.

**O'HEARN, District Judge.**

This matter comes before the Court on the United States' ("Defendant") Motion to Dismiss (ECF No. 7) the Complaint filed by Plaintiffs Walter and Monica DiBease ("Plaintiffs") (ECF No. 1). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendant's Motion is **GRANTED**.

## I.     BACKGROUND

On the morning of Friday, February 19, 2021, at approximately 8:05 am, Mr. DiBease allegedly slipped and fell on the "snow and/or ice covered and/or otherwise slippery . . . steps and/or sidewalk and/or pedestrian walkways" of the United States Post Office located in Haddonfield, New Jersey ("Post Office"). (Compl., ECF No. 1 at ¶ 11; Def.'s Br., ECF No. 7 at 2). As a result of the fall, Mr. DiBease alleges that he "suffer[ed] severe, permanent, and grievous injuries" (ECF No. 1 at ¶ 11), "including to his cervical spine." (Pl. Resp., ECF No. 17 at 1).

The Haddonfield Post Office is owned and operated by the United States Postal Service ("USPS"); Michael Breslin was the postmaster of the location on the day of the alleged incident and continues in that role. (Def.'s Br., ECF No. 7 at 2). The Post Office's Friday hours are 8:30 am until 5:00 pm. (ECF No. 7 at 2). The lobby, which houses P.O. boxes and other self-service equipment, is open to the public twenty-four hours a day. (ECF No. 7 at 2). According to the Postal Operations Manual ("POM"), "[a]t the postmaster's discretion, lobbies may remain open 24 hours a day to allow customers access to PO boxes and self-service equipment . . . ." (ECF No. 7 at 10) (quoting POM § 126.43). Postmasters are also required under Section 8-15.2 of the USPS Supervisor's Safety Handbook to "establish snow and ice removal plans where necessary," to "[k]eep snow and ice away from utility and fire protection equipment," and to "[p]rovide for reinspection and cleaning as often as necessary to handle drifting snow and refreezing." (ECF No. 7-6 at 74).

## II.    PROCEDURAL HISTORY

After exhausting his administrative remedies, Mr. DiBease commenced this action on October 7, 2022, alleging one count of negligence against Defendant under the Federal Tort Claims

2

Act ("FTCA").[1] (ECF No. 1 at ¶¶ 3, 19–20). Defendant filed its Motion to Dismiss. (ECF No. 7). Plaintiff filed a Response (ECF No. 17), to which Defendant replied. (ECF No. 18).

### III. LEGAL STANDARDS

#### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) must be granted if the Court lacks subject matter jurisdiction. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).

Under Federal Rule of Civil Procedure 12(b)(1), an attack on subject matter jurisdiction may be either a facial or a factual attack. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (internal quotation marks and citation omitted) (alteration omitted).

In a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In a factual attack, "it is permissible for a court to review evidence outside the pleadings." *Id.* (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

---

[1] Mrs. DiBease also brought a loss of consortium / *per quod* claim against Defendant. (ECF No. 1 at ¶ 22). The parties stipulated to the dismissal of this claim (ECF No. 15), leaving Mr. DiBease's negligence claim as the only remaining count against Defendant. Accordingly, Mr. DiBease will be referred to as "Plaintiff."

### B. The Federal Tort Claims Act

"[T]he United States is immune from suit unless it consents to be sued." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). "[T]he terms of such consent define the court's subject matter jurisdiction" and must be "unequivocally expressed." *Id.* (internal citation omitted). "The FTCA is codified in scattered sections of Title 28 of the United States Code," and authorizes suits against the United States for damages in limited circumstances. *Id; see also* 28 U.S.C. § 1346(b)(1) (authorizing suit against the United States for damages "caused by the negligent . . . act or omission" of a Government employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant" under the laws of where the allegedly negligent act or omission occurred).

The Government's waiver of immunity is not without limits. Under what is known as the "discretionary function exception," a "discretionary function or duty . . . cannot form a basis for suit under the [FTCA]." *United States v. Varig Airlines*, 467 U.S. 797, 811 (1984) (internal citation and quotation omitted). The Government bears the burden of proving that the exception applies and that the court is therefore divested of jurisdiction. *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 333 n.2 (3d Cir. 2012).

To determine if an act or omission is considered a "discretionary function," a court must engage in a two-step inquiry. "First, a court must consider if a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *see also Berkovitz v. United States*, 486 U.S. 531, 536 (1988) (explaining that "conduct cannot be discretionary unless it involves an element of judgment or choice" and therefore, "a court must first consider whether the action is a matter of choice for the acting employee."). When a "governmental policy, as expressed or implied by . . . agency

4

guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *United States v. Gaubert*, 499 U.S. 315, 324 (1991). If the employee followed a prescribed course of action, then there can be no finding of a discretionary act, and liability may attach. *Gotha*, 115 F.3d at 179.

If no course of action was prescribed, the court moves to the second step of the inquiry where it "must then consider whether the challenged action or inaction is of the kind that the discretionary function exception was designed to shield," or, in other words, whether the action or inaction "involve[d] the permissible exercise of policy judgment." *Id.* "For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert*, 499 U.S. at 324–25. If the challenged conduct is determined to have been a permissible exercise of policy judgment, then the discretionary function exception applies, and the district court is deprived of subject matter jurisdiction over claims arising out of the discretionary action. *See e.g.*, *Merando v. United States*, 517 F.3d 160, 162 (3d Cir. 2008) (affirming the court's dismissal for lack of subject matter jurisdiction where the discretionary function exception immunized the United States from suit).

### IV.    DISCUSSION

Defendant has moved for dismissal of Plaintiff's Complaint, (ECF No. 1), under Federal Rule of Civil Procedure 12(b)(1), on grounds that the Court lacks subject matter jurisdiction because the challenged conduct that forms the basis of Plaintiff's lawsuit—the postmaster's decision to maintain a twenty-four-hour lobby and the conditions under which to do so—falls under the discretionary function exception to the FTCA. (ECF No. 7 at 1). The Court agrees. Accordingly, for these reasons that follow, the Court grants Defendant's Motion.

### A. Defendant is Immune from Suit under the FTCA's Discretionary Function Exception.

The parties do not dispute that the FTCA governs this cause of action and that the deciding factor in whether Plaintiff's suit can move forward is whether the discretionary function exception applies. *See* (Def.'s Br., ECF No. 7 at 1; Pl's Resp. ECF No. 17 at 2). The parties initially disagree, however, on what conduct of Defendant's should be the focus of the analysis of the discretionary function exception. Defendant argues that the postmaster's decision to operate a twenty-four-hour lobby and the conditions under which to do so are the conduct challenged by Plaintiff. (Def.'s Br., ECF No. 7 at 1). Plaintiff disagrees and asserts that the postmaster's "failure to inspect and make safe the premises for patrons/business invitees" is the challenged conduct. (ECF No. 17 at 7). Therefore, the Court's first step is to determine what conduct of the Defendant is at issue. *See Merando*, 517 F.3d at 165.

Plaintiff was allegedly injured on the sidewalk outside of a Post Office that was closed at the time but operated a twenty-four-hour lobby. (Compl., ECF No. 1 at ¶ 11; Def.'s Br., ECF No.7 at 1). According to Defendant, Plaintiff intended to use the twenty-four-hour lobby when he allegedly slipped and fell on the Post Office sidewalk outside of normal business hours. (Def.'s Br., ECF No. 7 at 1). Plaintiff does not dispute this, but suggests that his intentions at the Post Office were irrelevant because, hypothetically, people "*could* be using the [walkways] for exercise or simply walking," regardless of whether or not the lobby is open. (Pl.'s Resp., ECF No. 17 at 17) (emphasis added). However, the essential facts are that Plaintiff does not dispute that he was present at the Post Office outside of its normal business hours and allegedly fell on the walkway outside of the lobby, the twenty-four-hour operation of which, according to Defendant, was the

6

main reason for Plaintiff's presence at the Post Office on the day of the alleged incident.[2]

Courts that have addressed facts comparable to those here have found that the conduct at issue is twofold: the postmaster's decision to keep the lobby open twenty-four hours a day, and the postmaster's decision on how to maintain the sidewalks outside of normal business hours. *See e.g.*, *Hogan v. U.S. Postmaster Gen.*, 492 F. App'x 33, 33–34, 36 (11th Cir. 2012) (holding, where a plaintiff was injured in a twenty-four-hour lobby after hours due to a wet floor, that the "conduct at issue . . . [wa]s the postmaster's decision to maintain twenty-four hour customer access to the Post Office lobby and the decision to maintain certain safety procedures in connection with that twenty-four hour access."); *see also Bell v. United States*, Nos. 99-5563, 99-5655, 2000 WL 1720932, at *1, *4 (6th Cir. Nov. 6, 2000) (affirming a district court's holding that, where a plaintiff allegedly slipped and fell on a wet lobby floor outside of operating hours, the conduct at issue was the "postmaster's conduct in deciding under what circumstances to allow the lobby area to remain open to the public at times" outside of normal operating hours); *Masciarelli v. United States*, No. 21-3315, 2023 WL 4268570, at *1, *3 (D. Md. June 28, 2023) (holding that, where a plaintiff slipped and fell inside a twenty-four-hour lobby after normal business hours, the conduct at issue was the Post Office's "decision to provide patrons access to the . . . Post Office lobby after business hours," and the postmaster's "decisions about how to maintain part of the grounds not otherwise staffed or open for regular business."); *Ferguson v. United States*, No. 19-340, 2021 WL 3288359, at *1, *4 (D. Md. Aug. 2, 2021) (holding that keeping a Post Office lobby open after-hours was the conduct at issue in a case where a plaintiff allegedly slipped and fell on an icy Post

---

[2] Any dispute of material fact, to the extent there is one, "will not preclude the . . . [C]ourt from evaluating for itself the merits of jurisdictional claims," such as 12(b)(1) challenges to subject matter jurisdiction. *Courts v. United States*, No. 15-7303, 2016 WL 4521687, at *3 (D.N.J. Aug. 29, 2016) (quoting *Mortensen*, 549 F.2d at 891).

7

Office sidewalk outside of normal business hours); *Krey v. Brennan*, No. 15-3800, 2017 WL 2797491, at *2, *4 (D. Md. June 28, 2017) (holding that the conduct at issue where a plaintiff fell in a Post Office lobby after hours was the "postmaster's decision to leave the lobby open for twenty-four hours."); *Cronin v. United States*, No. 18-0573, 2020 WL 5040597, at *5 (E.D.N.Y. Aug. 26, 2020) (same); *Durham v. United States*, No. 17-77, 2019 WL 650417, at *3 (N.D. Ga. Jan. 31, 2019) (same). This Court agrees that the proper inquiry is whether the postmaster's decision to operate a twenty-four-hour lobby and his decision on how to maintain the sidewalks after hours—particularly whether to remove snow and ice on the sidewalks during that time—are discretionary functions exempted from FTCA liability.

To determine if this conduct was discretionary, this Court must first determine if the conduct was "a matter of choice for the acting employee"—here, the postmaster. *Baer v. United States*, 722 F.3d 168, 172 (3d Cir. 2013) (internal citation omitted). POM Section 126.43 states that "*[a]t the postmaster's discretion*, lobbies *may* remain open 24 hours a day . . . ." (Def.'s Br., ECF No. 7-5 at 30) (emphases added).[3] The plain language of the POM clearly grants the postmaster the discretion to choose whether or not the lobby of the Post Office remains open twenty-four hours a day. The postmaster's decision to operate a twenty-four-hour lobby is

---

[3] Typically, on a motion to dismiss, the Court is permitted to "consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018) (citation omitted). However, in the context of a factual challenge to subject matter jurisdiction pursuant to Rule 12(b)(1), as is the challenge here, a court "may consider evidence outside the pleadings." *U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 251 (3d Cir. 2016) (citation omitted). Therefore, the Court will consider the POM and the USPS Safety Handbook in its analysis. *See e.g.*, *Hogan*, 492 F. App'x at 35–36 (considering the POM in affirming a district court's dismissal brought pursuant to Rule 12(b)(1)); *Stephenson v. United States*, No. 16-11979, 2017 WL 5760451, at *4 (S.D. W. Va. Nov. 28, 2017) (considering the USPS Supervisor's Safety Handbook in deciding a Rule 12(b)(1) motion to dismiss); *id.* at *4 n.3 (considering the POM in deciding a Rule 12(b)(1) motion to dismiss); *Krey*, 2017 WL 2797491, at *4 (same).

considered discretionary because "it involves an element of judgment or choice," *Baer*, 722 F.3d at 172, and the POM expressly grants the postmaster discretion in the decision-making on this issue. *See e.g.*, *Hogan*, 492 F. App'x at 35 (in affirming a district court, explaining that a postmaster had the "discretion to keep the Post Office lobby open to the public after hours.").

The postmaster's decision to not remove snow and ice on the sidewalk outside of business hours is similarly discretionary. Section 8-15.2 of the USPS Supervisor's Safety Handbook requires the postmaster to "establish snow and ice removal plans *where necessary*," and to "clean[] *as often as necessary* to handle drifting snow and refreezing." (emphases added). The only affirmative action required under Section 8-15.2 is to "[k]eep snow and ice away from utility and fire protection equipment." The postmaster is therefore granted the discretion to decide when snow and ice removal is necessary outside of the context of utility and fire protection equipment. This conduct is considered discretionary for the purposes of the FTCA exception because it also "involves an element of judgment or choice." *Baer*, 722 F.3d at 172; *see also Williams v. United States*, No. 18-0021, 2018 WL 5077652, at *3 (W.D. Va. Oct. 18, 2018) (explaining that a postmaster's decisions regarding snow and ice removal on USPS property after normal business hours "involve elements of judgment" because the "Supervisor's Safety Handbook does not prescribe particular methods of snow and ice removal after hours," instead "leav[ing] room for judgment.")

Next, this Court must determine whether the postmaster's discretionary conduct "involve[d] the permissible exercise of policy judgment." *Gotha*, 115 F.3d at 179. Because the USPS guidelines allow the postmaster to exercise discretion, this Court "must . . . presume[] that [his] acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324. Defendant argues that the policy behind the postmaster's conduct involves balancing public

9

convenience, safety, and budgetary concerns during off-peak times when the Post Office has minimal interaction with the public. (Def.'s Br., ECF No. 7 at 12–13). Plaintiff disagrees, arguing that the case is devoid of "policy considerations involving post office operations [or] functions." (Pl's Resp., ECF No. 17 at 14).

Plaintiff has failed to overcome the presumption that the postmaster's discretionary conduct was grounded in policy. Congress requires the USPS to "provide prompt, reliable, and efficient services to patrons in all areas." 39 U.S.C. § 101(a). Therefore, the postmaster's conduct must be evaluated in tandem with this Congressional mandate, along with the "convenience to the public, safety of federal property for visitors, budgetary concerns regarding paying snow-removal staff, and paying employees to staff the Post Office . . . during hours which would otherwise experience minimal postal-patron traffic." *Stephenson*, 2017 WL 5760451, at *5. The postmaster submits that his decision to leave the lobby open twenty-four hours a day was "to allow customers access to P.O. boxes and self-service equipment at any time," and that he exercised his discretion in not removing snow and ice outside of business hours. (Def.'s Br., ECF No 7-4 at ¶¶ 3, 5).

Presuming, as the Court must, that the postmaster anchored his discretionary conduct in policy considerations of public convenience and various budgetary realities and constraints, the Court holds that the postmaster's conduct "involve[d] the permissible exercise of policy judgment." *Gotha*, 115 F.3d at 179. To find otherwise would require post offices to either do away with twenty-four-hour lobbies, or staff post offices with personnel after hours to maintain walkway conditions. Both results are incompatible with the USPS' Congressional mandate and the USPS' budgetary and personnel constraints. *See also Bonebrake v. United States*, No. 19-1639, 2021 WL 4844717, at *3 (W.D. Wash. Oct. 21, 2021) (discussing that it would be "incompatible with the discretion afforded by [the] POM" to find that a postmaster's discretionary decision to forego

10

sidewalk maintenance after business hours was found to not be rooted in policy); *Williams*, 2018 WL 5077652, at *3 (finding that decisions to leave a Post Office lobby open twenty-four hours a day and to not remove snow and ice on walkways after normal business hours "are based on considerations of public policy."). Because both prongs of the discretionary function exception are satisfied, Defendant is immune from liability under the FTCA and this case must be dismissed.

Other courts that have decided similar cases on motions to dismiss have routinely come to the same conclusion as this Court. *See e.g.*, *Hogan*, 492 F. App'x at 35–36 (affirming a district court's dismissal after it held that a postmaster's decision to keep a post office open after normal business hours fell within the discretionary function exception); *Masciarelli*, 2023 WL 4268570, at *4–5 (holding on a motion to dismiss that the discretionary function exception applied because a postmaster's decision to operate a twenty-four-hour lobby was discretionary and grounded in policy); *Williams*, 2018 WL 5077652, at *3 (holding on a motion to dismiss that a postmaster's decision to operate a twenty-four-hour lobby and decisions regarding snow and ice removal after hours fell within the discretionary function exception); *Stephenson*, 2017 WL 5760451, at *5 (holding on a motion to dismiss that a postmaster's decisions regarding snow removal fell within the discretionary function exception); *Krey*, 2017 WL 2797491, at *5 (holding on a motion to dismiss that a postmaster's decision to keep a lobby open twenty-four hours a day fell within the discretionary function exception).

Defendant notes that only one district court has reached an opposite conclusion in *Fikani v. United States*, No. 19-64, 2021 WL 2000298, at *2, *2 n.25–27 (D. Mont. May 19, 2021). The Court declines Plaintiff's invitation to adopt the holding in *Fikani* and instead agrees with the Western District of Washington, which, when discussing *Fikani*, categorized the case as "an outlier, as opposed to a trendsetter" that "is fundamentally flawed because it essentially requires a

11

postmaster to staff a post office lobby" around the clock, which is "incompatible with the discretion accorded by [the] POM." *Bonebrake*, 2021 WL 4844717, at *3; *see also Masciarelli*, 2023 WL 4268570, at *4 (finding the analysis in *Bonebrake* to be persuasive and declining to follow the holding in *Fikani*).

In accordance with the majority of district courts, this Court holds that the postmaster's decisions regarding public access to the Post Office lobby after hours and snow and ice removal during those hours fall within the discretionary function exception to the FTCA. Therefore, the Court lacks subject matter jurisdiction, and the case must be dismissed without prejudice. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that a dismissal for lack of subject matter jurisdiction is "by definition without prejudice.")

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**. An appropriate Order accompanies this Opinion.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**